IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DANNY PROPHET,

    Petitioner,                        No. CIV S-07-2391 FCD EFB P

    vs.

KEN CLARK,

    Respondent.                   ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on petitioner's November 2, 2007 petition. On May 5, 2008, however, petitioner filed an "amended petition." Respondent moves for a more definite statement on the ground that the amended petition includes no claims for relief. *See* Fed. R. Civ. P. 12(e). Indeed, the amended petition is not a complete, redrafted petition.

    "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment is permitted . . . shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. E.D. Cal. L.R. 15-220. While an amended pleading supersedes the original, *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956), *cert. denied sub nom. Treasure Co. v. Bullen*, 353 U.S. 947 (1957), the court will not consider a pleading changed until the party complies with Local Rule 15-220.

1

Petitioner has not submitted a complete changed pleading. Additionally, the amended petition does not conform to the rules governing section 2254 habeas petitions. *See* Rule 2, Rules Governing Section 2254 Proceedings. The court observes that the original petition, filed November 2, 2007, did comply with the above-referenced rules. Accordingly, it must be dismissed. The petitioner shall have leave to file an amended petition that conforms with the rules.

On August 25, 2008, petitioner opposed respondent's motion and also requested appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

Accordingly, it hereby is ORDERED that:

1. Respondent's August 14, 2008 motion for more definite statement is DENIED as unnecessary.

2. Petitioner's May 5, 2008 amended petition is dismissed with leave to file an amended petition within thirty days from the date of this order. Alternatively, petitioner may inform the court that he wishes to proceed on his November 2, 2007 petition. If petitioner fails to comply with this order, the court will recommend dismissal of this action with prejudice.

3. Petitioner's August 25, 2008 request for appointment of counsel is DENIED without prejudice.

DATED: January 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE