IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DANNY PROPHET,

    Petitioner,                                No. CIV S-07-2391 FCD CHS P

    vs.

KEN CLARK,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

## I. INTRODUCTION AND BACKGROUND

Petitioner Joseph Danny Prophet is a state prisoner proceeding pro se with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Petitioner stands convicted by jury in the Sacramento County Superior Court of five counts of forgery in case 00F07352. Each of the five counts of conviction was for possession of a counterfeit check with intent to pass.

On September 12, 2003, the trial court imposed a sentence of four years for count one, in addition to eight months for each of the remaining four counts, to be served consecutively, for a total term of six years and eight months. On October 18, 2004, petitioner filed a pro se motion seeking modification of his sentence. Petitioner contended that he should not have been sentenced pursuant to California's Three Strikes Law (Cal. Penal Code § 667). On

1

February 4, 2005, the superior court modified petitioner's sentence, but not in the manner he requested. The trial court determined that it should have, but did not, double each consecutive four month term. Consequently, petitioner's sentence was increased to nine years and four months.

In the pending petition filed on November 2, 2007, petitioner appears to claim that (A) the prosecution failed to disclose evidence favorable to the defense in violation of due process; (B) he received ineffective assistance of counsel prior to and during trial and also at re-sentencing; and (C) there was some constitutional infirmity during jury selection or within the given jury instructions. For the reasons that appear below, it is recommended that the petition be denied.

## II.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001).

### III.  EXHAUSTION

In addition, before a claim may be properly brought on federal habeas corpus, it must first be fairly presented to the highest court of the applicable state.  28 U.S.C. § 2254(b)(1).  In California, that is the California Supreme Court.  *Castille v. Peoples*, 489 U.S. 346 (1989).  Respondent asserts that none of petitioner's three claims have been fairly presented to the California Supreme Court.  Respondent has located and lodged the filings submitted by the petitioner to the California Supreme Court prior to the filing of this federal petition; none raise the claims raised in the pending petition.

It is petitioner's burden to show that he has exhausted his state court remedies.  *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997), *as amended* 1998, *cert. denied*, 532 U.S. 919 (2001); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997); *Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).  He has not done so.  Nevertheless, it will be recommended that habeas corpus relief be denied on the merits, because it is clear that the claims presented in the pending petition are not colorable.  *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable").

### IV.  PETITIONER'S CLAIMS

#### A.  Disclosure of Evidence Favorable to the Defense

For his first claim, petitioner contends that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defense.

In *Brady v. Maryland*, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith of the prosecutor.  373 U.S. 83 (1963).  Evidence is material if there is a reasonable probability that, had it been disclosed to

1  the defense, the result of the proceeding would have been different. *Kyles*, 514 U.S. 419, 433-34
2  (1995). "A 'reasonable probability' of a different result is accordingly shown when the
3  government's evidentiary suppression 'undermines confidence in the outcome of the trial.'"
4  *Kyles*, 514 U.S. at 435 (*quoting United States v. Bagley*, 473 U.S. 667, 678 (1985)).
5       Here, petitioner provides no details for this claim except to reference Exhibit A,
6  which is attached to his petition.  Exhibit A consists primarily of a very brief handwritten civil
7  complaint against the prosecutor who tried his case.  In the complaint, petitioner alleges only that
8  the defendant prosecutor "submitted inadmissible evidence."  He states that "there was a
9  disability concern in this matter that was in fact used against [petitioner]."  (Pet.'s Exhibit A.)
10 The supporting documentation to the complaint in Exhibit A consists of three unreasoned state
11 court denials of various proceedings.
12      Petitioner has failed to identify any evidence of exculpatory or impeachment value
13 that was allegedly withheld, and none is apparent on this record.  Petitioner also has not
14 attempted to show how the outcome of his trial would have been different had the prosecutor
15 disclosed all favorable evidence.  The vague claim is therefore devoid of necessary details.  No
16 relief can be granted.  *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th cir. 1970) ("conclusory
17 statements are no substitute for proper allegations of fact")
18      B.    Ineffective Assistance of Counsel
19      For his second claim, petitioner contends that his court appointed attorney Jon
20 Lippsmeyer rendered ineffective assistance during trial and at re-sentencing.  It also appears that
21 petitioner is claiming that a different attorney who represented him prior to trial rendered
22 ineffective assistance with respect to proceedings held to determine whether petitioner was
23 competent to stand trial.
24      A showing of ineffective assistance of counsel has two components.  First it must
25 be shown that, considering all the circumstances, counsel's performance fell below an objective
26 standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  In

assessing an ineffective assistance of counsel claim, "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (*quoting Strickland*, 466 U.S. at 689), and that counsel "exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990) (*citing Strickland*, 466 U.S. at 689).

The second factor required for a showing of ineffective assistance of counsel is actual prejudice caused by the deficient performance. *Strickland*, 466 U.S. at 693-94. Prejudice may be found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.; *see also Williams*, 529 U.S. at 391-92; *Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000).

Petitioner's allegations for this claim are brief and vague, with references to Exhibits A and C of the petition.[1] It appears that petitioner makes the following four allegations regarding the performance of his attorneys: (1) attorney Lippsmeyer failed to object at trial to the prosecutor's introduction into evidence of a photocopy of a check in lieu of the original document; (2) attorney Long and/or attorney Lippsmeyer performed deficiently in relation to a proceeding held prior to trial to determine petitioner's competency; (3) attorney Lippsmeyer performed deficiently at petitioner's re-sentencing hearing; and (4) following the guilty verdict, attorney Lippsmeyer failed to ask the judge for time to allow petitioner to take care of his personal property.

1. The photocopied check

Although petitioner does not cite specifically to Exhibit B as supporting his claim for ineffective assistance of counsel, it does contain a superior court order rejecting a state habeas corpus petition in which he claimed that trial counsel was ineffective in failing to object to the

---

[1] Exhibit A is a civil rights complaint against the prosecutor who tried the case. It sheds no light on this claim.

admission of a photocopy of a check in lieu of the original.

At trial, the prosecution introduced into evidence the actual forged check for each count of conviction, except that for count five, a photocopy of the cashed check was admitted because the original had been lost. (RT at 246.) There was no objection from the defense. (RT at 248.)

The secondary evidence rule in California provides that:

> [t]he content of a writing may be proved by otherwise admissible secondary evidence. The court shall exclude secondary evidence of the content of writing if the court determines either of the following:
>
> (1) A genuine dispute exists concerning material terms of the writing and justice requires the exclusion.
>
> (2) Admission of the secondary evidence would be unfair.

Cal. Evid. Code § 1521. In this case, petitioner does not allege, nor is there any indication in the record, that he disputed the material terms of the photocopied check. There is also no evidence that the photocopy was unreliable. Under these circumstances, it does not appear that an objection to the photocopy would have been successful. Petitioner is not entitled to relief. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("counsel's failure to make a futile motion does not constitute ineffective assistance of counsel").

2. Section 1368 hearing

Exhibit C contains a legal malpractice complaint filed in another jurisdiction in which petitioner appears to complain of attorney Lippsmeyer's performance in relation to proceedings initiated pursuant to Cal. Penal Code § 1368.

Section 1368 provides for a hearing in the trial court where doubt has arisen in the judge's mind as to a criminal defendant's mental competence. Documents in the Clerk's Transcript on Appeal indicate that the trial court ordered that petitioner be evaluated for competency pursuant to section 1368 on April 23, 2001. (CT at 63.) Both doctors appointed found petitioner to be competent to stand trial. (CT at 64-76.) At that time, however, it appears

that petitioner was represented by attorney Michael Long rather than attorney Jon Lippsmeyer, the attorney who represented him at trial.[2] (CT at 77.) It appears from the record that attorney Long failed to appear at a scheduled hearing on petitioner's competency. In a letter to the judge dated May 16, 2001, attorney Long apologizes for missing the hearing and states that "[c]oncerning the issue of Mr. Prophet's competence, I will submit on the doctors' reports." (CT at 77.) It is unclear whether there were any additional proceedings on the issue of petitioner's competency.

Once again, factual details necessary to this claim are lacking. Nowhere does petitioner state exactly how either attorney's performance was deficient. Even if attorney Long's representation of petitioner fell below the objective standard of reasonableness when he failed to show up for the competency hearing, petitioner has made no allegations of prejudice and none is apparent from the record. Accordingly, no relief can be granted. *See Boehme*, 423 F.2d at 1058 (9th cir. 1970) ("conclusory statements are no substitute for proper allegations of fact").

### 3. Re-sentencing

Exhibit C to the pending petition also contains allegations that attorney Lippsmeyer's performance was deficient prior to or at petitioner's re-sentencing hearing, resulting in a prison term that went "long past the time limit."

In October 2004, petitioner filed a pro se motion for modification of his sentence, alleging that Three Strikes Law (Cal. Evid. Code § 667) had been improperly applied to his case. In an order dated December 15, 2004, the trial court disagreed with petitioner's argument, but also found in reviewing the file that the sentence imposed was unauthorized by law as each subordinate term of eight months should have been, but was not, doubled. (Pet.'s Exhibit D.) Trial attorney Lippsmeyer was reappointed to represent petitioner at a hearing on the re-

---

[2] Attorney Long also represented petitioner at his preliminary hearing. (CT at 333.) It is unclear from the record before this court when attorney Lippsmeyer, who was court appointed, took over the case.

1  sentencing. (*Id*.) Counsel filed a brief urging the court to refrain from increasing petitioner's
2  sentence. (*Id*.) Instead, at a hearing on February 4, 2005, the court doubled the subordinate
3  terms causing petitioner's sentence to be increased. (*Id*.) On September 19, 2006, the California
4  Court of Appeal affirmed the modified sentence in case C048945. (Lodged document 1.)
5        Once again, petitioner does not specify how counsel's performance was deficient.
6  As with his other allegations regarding ineffective assistance of counsel, no relief can be granted.
7  *See Boehme*, 423 F.2d at 1058.
8        4.  Property Issues
9        Lastly in Exhibit C, petitioner contends that trial counsel failed to bring to the
10 judge's attention that petitioner "needed sufficient time to secure property issues after the [jury]
11 rendered a verdict." Petitioner contends that because of counsel's omission, he is currently
12 unaware of the location of several items of his personal property, including two valuable antique
13 cars. Petitioner's allegations about his lost belongings do not raise a proper claim in this
14 proceeding because the alleged failure of counsel has no relationship to the challenged sentence.
15 Issues concerning a criminal defendant's personal property are unrelated to the validity of the
16 criminal conviction or the prison sentence imposed. Habeas corpus relief is not available.
17       C.  Jury Selection/ Jury Instructions
18       Petitioner's final claim is entitled "Conviction Obtained by Action of a Grand or
19 Petit Jury which was Unconstitutionally Selected and [E]mpaneled." For his supporting facts,
20 petitioner states merely that the trial court refused to submit a proposed instruction to the jury, as
21 shown in Exhibit D. Exhibit D contains documents indicating that petitioner was re-sentenced.
22 The documents in Exhibit D include defense filings in the superior court regarding what the new
23 sentence should be and the subsequent order of the superior court. There is no meaningful
24 reference to juror empanelment or jury instructions. Petitioner bears the burden on federal
25 habeas corpus review to show that constitutional error occurred. *See Garlotte v. Fordice*, 515
26 U.S. 39, 46 (1995). He has not done so and this claim must also be denied.

## V. CONCLUSION

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2009

*/s/ Charlene H. Sorrentino*
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE